ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. Furthermore, to the extent relator contends his claim is jurisdictional, relator fails to show that the indictment was defective and thus fails to show that the trial court lacked jurisdiction to accept his guilty plea for simple robbery.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state col *667 lateral proceedings in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his | aright to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Hughes, J., would grant the writ.